**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Edward Anthony Dalsing and Tammy G. C. Dalsing, Respondents,

v.

David A. Hudson and Erica Rae Smith, Defendants,

Of whom David A. Hudson is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2015-002271

―――――――――

Appeal From York County
W. Marsh Robertson, Family Court Judge

―――――――――

Unpublished Opinion No. 2016-UP-405
Submitted August 8, 2016 – Filed August 17, 2016

―――――――――

**AFFIRMED**

―――――――――

Melinda Inman Butler, of The Butler Law Firm, of Union, for Appellant.

Larry Dale Dove, of Dove & Murphy Law Group, LLC, of Rock Hill, for Respondents.

Myron B. Boloyan, of Haselden, Owen and Boloyan, of
Lake Wylie, for the Guardian ad Litem.

---

**PER CURIAM:** David A. Hudson (Father) appeals a family court order finding his consent was not necessary for the adoption of his minor daughter (Child) by Edward and Tammy Dalsing.  On appeal, Father argues the family court erred in (1) finding his consent was not required, (2) terminating his parental rights when Erica Smith (Mother) and the Dalsings lied to Father and the family court about the paternity of Child, and (3) ruling termination of parental rights and adoption were in Child's best interest.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether Father's consent was required for the adoption: S.C. Code Ann. § 63-9-310(A)(5) (2010) (providing an unwed father's consent to an adoption is not required when the child is placed for adoption six months or less after the child's birth unless "(a) the father openly lived with the child or the child's mother for a continuous period of six months immediately preceding the placement of the child for adoption, and the father openly held himself out to be the father of the child during the six months period; or (b) the father paid a fair and reasonable sum, based on the father's financial ability, for the support of the child or for expenses incurred in connection with the mother's pregnancy or with the birth of the child, including, but not limited to, medical, hospital, and nursing expenses"); *Roe v. Reeves*, 392 S.C. 143, 154, 708 S.E.2d 778, 784 (2011) (finding the father's "payments and purchases for [the m]other's older child and the repairs made to her mother's car [were] not within the purview" of the consent statute because they were not "necessary support for the pregnancy"); *id.* at 155, 708 S.E.2d at 784 ("Simply because [the mother] was receiving some government benefits to cover her basic needs does not relieve [the f]ather of his obligation to provide for [the m]other during her pregnancy."); *Arscott v. Bacon*, 351 S.C. 44, 50, 567 S.E.2d 898, 901 (Ct. App. 2002) ("[L]iteral compliance with the [consent] statute is not necessary in order for the father to possess a relationship with his child [that] is entitled to constitutional protection."); *Lehr v. Robertson*, 463 U.S. 248, 261-62 (1983) ("[T]he mere existence of a biological link does not merit equivalent constitutional protection. . . . The significance of the biological connection is that it offers the natural father an opportunity that no other male possesses to develop a relationship with his offspring.  If he grasps that opportunity and accepts some measure of responsibility for the child's future, he may enjoy the blessings of the parent-child relationship and make uniquely valuable contributions to the child's

development.  If he fails to do so, the Federal Constitution will not automatically compel a state to listen to his opinion of where the child's best interests lie."); *Abernathy v. Baby Boy*, 313 S.C. 27, 33, 437 S.E.2d 25, 29 (1993) ("The values that underlie protection require that the father take advantage of his opportunity to develop a relationship with his child *early* and completely." (emphasis added)); *id.* at 32, 347 S.E.2d at 29 (acknowledging "an unwed father's ability to cultivate his opportunity interest in his child can be thwarted by the refusal of the mother to accept the father's expressions of interest in and commitment to the child" and holding "an unwed father is entitled to constitutional protection not only when he meets the literal requirements of [the consent statute], but also when he undertakes sufficient prompt and good faith efforts to assume parental responsibility and to comply with the statute"); *id.* at 29, 437 S.E.2d at 27 (noting the mother "avoided contact with [the father], refused his telephone calls, and 'was kind of hiding away from him'"); *Doe v. Queen*, 347 S.C. 4, 9-10, 552 S.E.2d 761, 764 (2001) (noting the mother's "extraordinary efforts to conceal her pregnancy from" the father along with the fact the father "was unaware of the name or identity of the [adoptive parents]," and finding the father "demonstrated sufficient prompt and good faith efforts to assume parental responsibility pursuant to *Abernathy* such that his literal compliance with [the consent statute was] excused"); *Arscott*, 351 S.C. at 52, 567 S.E.2d at 902 (declining to "expand the parameters set by our supreme court in interpreting [the consent statute] beyond the narrow facts of *Abernathy* and *Queen*"); *id.* at 54, 567 S.E.2d at 903 ("The critical question is . . . whether [the father] was on notice of sufficient facts to pursue his legal rights and whether he was thwarted by the birth mother from doing so."); *id.* ("[D]oubt as to paternity does not totally absolve a putative father of his responsibility to take steps to protect his rights.").

2.  As to Father's remaining issues: *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (noting an appellate court need not address appellant's remaining issues when its determination of a prior issue is dispositive).

**AFFIRMED.**[1]

**WILLIAMS, THOMAS, and GEATHERS, JJ.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.